IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>TRINITY MEDICAL CENTER,<br><br>Defendant. | Case No.<br><br>JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex and retaliation and to provide appropriate relief to Charging Party Deborah Chisholm ("Chisholm" or "Charging Party") who was adversely affected by such practices. The U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission") alleges that Defendant Trinity Medical Center ("Defendant" or "Trinity") discriminated against Charging Party by subjecting her to sexual harassment. EEOC further alleges that Defendant retaliated against Charging Party by terminating her employment after she complained of sexual harassment, in violation of Title VII.

## JURISDICTION AND VENUE

1.   Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.     The unlawful acts alleged below were committed within the jurisdiction of the United States District Court for the Central District of Illinois.

**PARTIES AND OTHER PERSONS**

3.     Plaintiff, EEOC, is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a not-for-profit organization doing business in the State of Illinois and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e-5(b), (g) and (h).

6.     Charging Party was hired by Defendant on or about April 10, 1989 and discharged by Defendant on or about January 11, 2010.

**STATEMENT OF CLAIMS**

7.     More than thirty (30) days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8.     Since at least 2009, Defendant has engaged in unlawful employment practices in violation of Sections 703(a) and 704(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) and 2000e-3(a). These practices include, but are not limited to:

      a)      subjecting Charging Party to sexual harassment by creating and tolerating a sexually hostile work environment through offensive and unwelcome comments of a sexual nature;

      b)      failing to take prompt and effective action in response to Charging Party's complaints of sexual harassment; and

      c)      subjecting Charging Party to retaliation by terminating her employment after she complained of sexual harassment.

      9.      The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex and in retaliation for complaining about harassment.

      10.      The unlawful employment practices complained of in paragraph 8 above were intentional.

      11.      The unlawful employment practices complained of in paragraph 8 above were done with malice or with reckless indifference to the federally protected rights of Charging Party.

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that this Court:

      A.      Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with Defendant, from engaging in any employment practices which discriminate on the basis of sex and/or retaliation;

      B.      Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for its employees regardless of sex and which eradicate the effects of its past and present unlawful practices;

  C. Order Defendant to make whole Charging Party by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practice, including, but not limited to, rightful place reinstatement;

  D. Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including, but not limited to, job search expenses and medical expenses, in amounts to be determined at trial;

  E. Order Defendant to make whole Charging Party by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraph 8 above, including, but not limited to, emotional pain, humiliation, and inconvenience, in amounts to be determined at trial;

  F. Order Defendant to pay punitive damages for its malicious and reckless conduct described in paragraph 8 above, in amounts to be determined at trial;

  G. Grant such further relief as the Court deems necessary and proper in the public interest; and

  H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

James Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
  COMMISSION
1801 "L" Street, N.W.
Washington, D.C.  20507

/s/ John C. Hendrickson
John C. Hendrickson
Regional Attorney


/s/ Gregory M. Gochanour
Gregory M. Gochanour
Supervisory Trial Attorney

/s/ Laurie S. Elkin
Laurie S. Elkin
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street, Suite 2000
Chicago, Illinois  60661
312-869-8107