UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| U.S. Equal Employment Opportunity Commission | ) ) | |
| Plaintiff | ) ) | |
| v. | ) ) | 12-4085 |
| Trinity Medical Center | ) ) | |
| Defendant | ) ) | |

ORDER

Now before the Court is the Plaintiff's motion (#16) for leave to amend the complaint. Defendant has filed opposition to this motion. As stated herein, the motion is DENIED.

BACKGROUND

On Sept. 10, 2012, EEOC filed this action alleging that an employee of the Defendant, Deborah Chisholm, was subjected to a hostile work environment through offensive and unwelcome comments of a sexual nature by Chace De La Vega, a co-worker of Chisholm, and that the Defendant failed to take prompt action in response to Chisholm's complaints, terminating her employment instead. Chisholm filed a complaint with the EEOC, and after an investigation, a Determination was issued. That Determination stated:

> "the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated *against a class of employees, including Charging Party*, because of their sex, female, by subjecting them to a sexually hostile work environment, in violation of title VII. I have also determined that the evidence obtained in the investigation establishes reasonable cause to believe that Respondent discriminated against Charging Party, in retaliation for engaging in protected activity by discharging her, in violation of Title VII.

Following the issuance of that Determination (and after conciliation efforts failed), EEOC's litigation unit reviewed the case and concluded that they would proceed *only on behalf of Chisholm*. This suit was then filed.

When EEOC received Trinity's Rule 26(a) disclosures, it identified several witnesses, including some with information that was not previously known to the EEOC. Two of these witnesses - Robin Motsinger and Sandra Kelm – were other employees who had reported similar types of sexual harassment by the same individual as had been described by Chisholm. These two employees were interviewed by EEOC's litigation counsel after this suit was filed. There is a third employee who has not yet been interviewed by EEOC.

In addition, another witness disclosed in Trinity's Rule 26 disclosures, Steven Brown, informed EEOC that De La Vega's harassment of female employees was "quite pervasive." Brown stated that the harassment frequently occurred in the presence of a supervisor, who found it amusing and did nothing. He also said that De La Vega's sexually inappropriate comments and conduct were "widely known" among employees at Trinity and that some female employees were "nervous" about being around him. He also related that he had seen De La Vega and Chisholm in compromising situations.

In the instant motion, EEOC states that this previously unknown information serves as a basis for adding additional relief on the behalf of the two identified employees, and possibly the third. In support of that motion, EEOC points out that no depositions have yet been taken and discovery does not end until January 6, 2014. Because, however, the deadline for amending pleadings and adding parties has passed (on April 1, 2013), EEOC needs either consent from Trinity (which does not consent) or leave of Court. FRCP 15(a)(2).

Trinity opposes the motion as untimely, essentially arguing that EEOC is bound by its early determination that it would proceed only on behalf of Chisholm, despite the Determination that identified a "class" of employees. According to Trinity, the EEOC has known of these three additional employees since the administrative investigation, so there can be no good cause for adding them at this late date. In addition, Trinity claims that it will be prejudiced in that it will have to conduct further written discovery as to the facts surrounding the employment of these additional persons.

Finally, Trinity states that it will be amending its initial disclosure to remove Brown's name as a witness with potential knowledge, because his employment at Trinity did not overlap Chisholm's employment tenure at all; hence his statements to EEOC cannot be true.

## DISCUSSION

As required by FRCP 16(b)(3)(A), the scheduling order in this case set a deadline of 4/1/13 for amending the pleadings and adding parties. See Minutes of 1/16/13, approving parties' proposed discovery plan (#14). Rule 16 goes on to state that a schedule "may be modified only for good cause and with the judge's consent." In this context, the "good cause standard primarily considers the diligence of the party seeking amendment." *Trustmark Insurance Co. v General &Cologne Life of* America, 424 F3d 542, 552 (7th Cir 2005), quoting *Johnson v Mammoth Recreations, Inc.*, 974 F2d 604, 609 (9th Cir 1992). Only if there is good cause (i.e. diligence) under Rule 16 should the court "freely give leave when justice so requires." FRCP 15(a)(2); see *Alioto v. Town of Lisbon*, 651 F3d 715, 719-20 (7th Cir 2011)(courts are to apply the heightened good-cause standard of Rule 16 before considering whether the requirements of Rule 15 are satisfied).

Obviously, allowing EEOC both to amend its complaint and to seek damages for additional alleged victims of the hostile environment will require amending the scheduling order. The first step, then, in deciding whether EEOC may amend the complaint is whether there is good cause to do so; in other words, has EEOC demonstrated the requisite diligence.

In *Trustmark*, the Seventh Circuit found that the district court's denial of the motion for leave to amend was not an abuse of discretion. That finding was based on testimony given in a deposition well before the deadline for amending, as well as on the plaintiff's suspicions. Under those circumstances, the plaintiff's failure to amend prior to the deadline demonstrated a lack of diligence and hence a lack of due diligence.

In the case before this Court, EEOC concedes that its litigation department concluded that the evidence was only strong enough for a claim to be made on behalf of Chisholm. Naming only Chisholm as a charging party, rather than pursuing relief for the other employees, was a strategic decision. After that decision was made, the statements made by these other employees during discovery in this case largely mirrored the information that was gleaned during the investigative process, obviously conducted and completed well before this case was filed. The testimony of Brown may well turn out to be inadmissible, as his personal knowledge has been severely compromised. Moreover, even if his testimony is considered, it differed little in content from the statements made by the other employees. Diligence has not been demonstrated by the delay n seeking to add the claims of these other employees to this case.

Finally, Trinity provided its Rule 26 disclosures on January 25, 2013, more than 2 months before the deadline for amending the complaint and adding parties. That fact puts the final nail in the EEOC's effort to demonstrate diligence.

## CONCLUSION

Given these circumstances, I find that EEOC has failed to demonstrate the type of diligence that is required to amend the schedule and add parties under Rule 16. Because no good cause has been shown, it is unnecessary to consider Rule 15's requirements or the prejudice to Trinity. The motion for leave to amend is therefore DENIED.

Entered: September 6, 2013

s/ John A. Gorman

John A. Gorman
U.S. Magistrate Judge